In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00035-CR


______________________________




DAVID ROSS STERLING, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


 Upshur County, Texas


Trial Court No. 14,483




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 David Ross Sterling, Jr., attempts to appeal his conviction for possession of a controlled
substance (cocaine) with intent to deliver in a drug-free zone. Sterling entered into a plea agreement
and was sentenced in accordance therewith to seventeen years' imprisonment. 

 Sterling's sentence was imposed January 7, 2008. His notice of appeal was filed February 28,
2008. We received the clerk's record March 5, 2008. The issue before us is whether Sterling timely
filed his notice of appeal. We conclude he did not and dismiss the attempted appeal for want of
jurisdiction.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice
of appeal must be filed by a defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the date sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. The record does not contain any motion
for new trial. The last date Sterling could timely file his notice of appeal was February 6, 2008,
thirty days after the sentence was imposed in open court. See Tex. R. App. P. 26.2(a)(1). Further,
no motion for extension of time was filed in this Court within fifteen days of the last day allowed
for filing the notice of appeal.

 In addition to the notice of appeal being untimely filed, the record contains a certification
from the trial court that this "is a plea-bargain case, and the defendant has NO right of appeal." See
Tex. R. App. P. 25.2.

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's certification
affirmatively shows Sterling has no right of appeal, and because the record before us does not reflect
that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005),
we must dismiss the appeal.

 Sterling has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 13, 2008

Date Decided: March 14, 2008


Do Not Publish